Jennifer L. Lynch, Esq. (CA SBN 157020)
Lynch & Martin, LLP
405 Via Del Norte, Suite B
La Jolla, CA 92037
Tele: (858) 454-5500
Fax: (858) 454-5502

Attorney for Plaintiff, LYDIA MERCK
(PRO HAC VICE APPLICATION PENDING)

FILED ___ LODGED
___ RECEIVED ___ COPY

APR 1 8 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA - TUCSON

| | |
|---|---|
| LYDIA MERCK, an Individual<br><br>Plaintiff,<br><br>v.<br><br>SWIFT TRANSPORATION COMPANY, an Arizona Corporation; CENTRAL REFRIGERATED SERVICE, LLC, a Delaware Corporation; ROBERT GARY PARKER, an Individual; and DOES 1-50<br><br>Defendants | Case No.: CV-16-01103-PHX-BSB<br><br>**COMPLAINT AND JURY DEMAND**<br><br>THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.<br><br>REFERENCE: LRCiv P 5.4 |

Plaintiff LYDIA MERCK hereby files this COMPLAINT upon SWIFT TRANSPORATION COMPANY, CENTRAL REFRIGERATED SERVICE, LLC, ROBERT GARY PARKER, and DOES 1-50, inclusive.  Plaintiff alleges the following:

**GENERAL ALLEGATIONS**

1.     Plaintiff LYDIA MERCK ("MERCK") is, and has been at all relevant times, a citizen of Albuquerque, New Mexico.

2.     Defendant SWIFT TRANSPORATION COMPANY ("SWIFT") is an Arizona Corporation, File Number F19238518, with its principal place of business at 2200 South 75th Avenue, Phoenix, Arizona  85043.

SCANNED

3. Defendant CENTRAL REFRIGERATED SERVICE, LLC ("CENTRAL") is a Delaware Limited Liability Company, Entity Number 9379059-0161, with its principal place of business at 2200 South 75th Avenue, Phoenix, Arizona 85043.

4. Defendant ROBERT GARY PARKER ("PARKER") is a resident of Usk, Washington.

5. All references in this complaint to "Defendants" means every named defendant, including the DOE defendants.

6. Plaintiff is informed and believes that all of the Defendants, including those sued in the name of DOE, are, and were the agents, servants, and employees of the other Defendants, and in doing the things herein mentioned, are, and were acting within the scope of their authority as such agents, servants, and employees with the direction, permission and/or consent of the other Defendants.

7. Plaintiff makes all additional allegations herein upon either personal knowledge, or based upon information and belief.

8. This is a civil action seeking greater than $75,000 in monetary damages against Defendants for committing acts and/or omissions of negligence against Plaintiff.

## JURISDICTION

9. The matter in controversy exceeds, exclusive of interest and costs, the sum of $ 75,000.

10. Venue of this action is proper in the above-referenced court because defendants SWIFT and CENTRAL are located within this judicial district, and PARKER was employed, and acting on behalf of, SWIFT and CENTRAL at the time of the incident.

11. This Court has jurisdiction under 28 U.S.C. §1332.

12. This Court also has pendant jurisdiction as provided under 28 U.S.C. §1367(a).

# FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR NEGLIGENCE

13. Plaintiff repeats and re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 12 above with the same force and effect as if herein set forth.

14. On or about April 26, 2014, Plaintiff, MERCK, was legally parked at the Flying J Truck Stop located at 2524 East Wyatt Earp Boulevard, Dodge City, Kansas ("Flying J") and asleep in the sleeping area in the cab of her semi tractor.

15. At said time and place, PARKER was the permissive and unsupervised trainee driver of an 80-foot long 2013 Peterbilt semi tractor with trailer, that was owned by Defendants SWIFT and CENTRAL.

16. At said time and place, PARKER was acting on his own behalf and as authorized agent of SWIFT and CENTRAL.

17. At this time and place, it became and was the duty of PARKER to exercise due care and caution in the operation of his motor vehicle.

18. PARKER was crossing the Flying J parking lot driving Defendants' 2013 Peterbilt when he struck the front end of MERCK's semi tractor, dragging it over 12 feet. MERCK's semi then hit another semi, which in turn hit an additional semi. MERCK's semi was severely damaged and could not be properly repaired.

19. As a direct result of the collision, MERCK was thrown from the sleeping area located on top of the cab. She fell on to the gear shifter and central area of the cab breaking her back. She suffered back and other personal injuries requiring emergency transportation, hospitalization, back surgeries, and ongoing physical therapy. She remains disabled with permanent nerve damage affecting her lower extremities.

20. Defendants were then and there guilty of, *inter alia*, one or more of the following negligent acts or omissions:

1     a.     Negligently and carelessly operating a motor vehicle without due regard for other vehicles rightfully and lawfully parked along the way;

    b.     Negligently and carelessly operating a motor vehicle without sufficient control for prevailing conditions;

    c.     Negligently and carelessly operating a motor vehicle without sufficient training;

    d.     Negligently and carelessly operating a motor vehicle without sufficient supervision;

    e.     Failing to stop a motor vehicle in time to avoid a collision, although a collision was imminent, and where there existed ample time and opportunity to avoid it;

    f.     Failing to promptly stop a motor vehicle after making impact with MERCK's parked semi tractor, instead dragging it over 12 feet; and

    g.     Failing to keep a proper lookout for other vehicles.

21. As a direct and proximate result of one or more of these aforesaid negligent acts or omissions, Defendants' vehicle violently collided with MERCK's vehicle causing MERCK to be thrown about the inside of her cab whereby she sustained great and severe personal injuries.

22. These injuries caused MERCK to experience great pain and suffering and to become disabled. MERCK was caused to expend considerable sums of money for necessary medical care and attention for which she is responsible and may be liable for future medical expense for these injuries. These injuries rendered MERCK disabled and not fit to perform her daily work and affairs whereby the Plaintiff sustained the loss of wages, gains, profits, and substantial future earnings. MERCK has also sustained the loss of her enjoyment of a normal life. MERCK's injuries are of a permanent nature.

23. MERCK previously logged more than 2 million miles as a trucker over the course of nearly 30 years. As a result of the incident and associated permanent

-4-
COMPLAINT AT LAW AND JURY DEMAND

nerve damage in her leg and foot, MERCK can no longer pursue her vocation as she has been rendered unfit to drive professionally.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR GROSS NEGLIGENCE AND CONSCIOUS DISREGARD OF THE SAFETY OF OTHERS

24. Plaintiff repeats and re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above with the same force and effect as if herein set forth.

25. Immediately following the incident, PARKER admitted to MERCK and the other drivers that he was a *trainee* and was *never supposed to be driving the 80-foot long Peterbilt semi alone.*

26. PARKER further admitted that his trainer had told him to go ahead and take the semi tractor-trailer on his own, and that the incident occurred while driving alone as directed.

27. In this case, Defendants acted in concert to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others.

28. Defendants, and each of them, consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.

29. As such, Defendants have committed acts of Gross Negligence and are therefore liable for Punitive Damages.

## THIRD CAUSE OF ACTION AGAINST SWIFT AND CENTRAL FOR RESPONDEAT SUPERIOR

30. Plaintiff repeats and re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 29 above with the same force and effect as if herein set forth.

31. On or about April 26, 2014, and at the time of the collision with Plaintiff as heretofore described, defendant, PARKER was acting within the scope of his

employment with defendants SWIFT and CENTRAL.

32. On or about April 26, 2014, and at the time of the collision with Plaintiff as heretofore described, defendant PARKER's purpose of travel was for the benefit of defendants SWIFT and CENTRAL and related to his employment with defendants SWIFT and CENTRAL.

33. At said time and place, and at the time of the collision with Plaintiff as heretofore described, defendant PARKER, was the permissive and unsupervised trainee driver of the 2013 Peterbilt, that was owned by defendants SWIFT and CENTRAL.

34. Pursuant to the doctrine of *Respondeat Superior*, defendants SWIFT and CENTRAL are liable for each and every negligent act and omission of its employee, PARKER, as well as those of his trainer/supervisor whose name is yet to be determined, but who shall be added to this Complaint upon discovery of such information.

### PRAYER FOR RELIEF

Plaintiff prays for the following relief:

A. For compensatory damages in a sum of money in excess of the jurisdictional amount of Seventy-Five Thousand Dollars ($75,000.00), and in an amount to be proven at trial;

B. For enhanced and punitive damages in an amount to be proven at trial upon those claims for which such damages are recoverable;

C. Fees and costs in an amount to be determined at the time of trial;

D. Interest on all damages, fees, costs and other relief at the maximum legal rate; and

E. For all other relief that this Court may deem just and proper.

///
///
///

COMPLAINT AT LAW AND JURY DEMAND

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure in this action upon all issues so triable.

DATED: April 13, 2016

By: *Jennifer L. Lynch*
Jennifer L. Lynch
Attorney for Plaintiff
LYDIA MERCK

COMPLAINT AT LAW AND JURY DEMAND