1  **WO**
2
3
4
5
6  **IN THE UNITED STATES DISTRICT COURT**
7  **FOR THE DISTRICT OF ARIZONA**
8

| | |
|---|---|
| Lydia Merck, | No. CV-16-01103-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Swift Transportation Company, et al., | |
| Defendants. | |

Lydia Merck ("Plaintiff") alleges she was inside the cab of her parked semi-truck when Defendant Robert Gary Parker ("Parker"), a truck driver employed by Defendant Swift Transportation ("Swift"), crashed into Plaintiff's truck, causing her to collide with her closet and dragging her truck into nearby vehicles, thereby causing injury to Plaintiff's back. (Doc. 1). The case is set for a jury trial, and Plaintiff now moves *in limine* to exclude Swift's biomechanical and accident reconstruction expert, Joseph Manning ("Manning"), from testifying at trial, and to preclude Swift's other experts from referencing Manning's opinions. (Doc. 179). In support, Plaintiff argues Manning's "opinions are unreliable and formed without proper foundation, and thus are contrary to the requirements of F.R.E. 702, *Daubert*, and its progeny," and also that Manning's opinions are irrelevant and likely to confuse the jury. (*Id.*). These arguments are addressed in turn.

First, regarding the admissibility of expert testimony, Federal Rule of Evidence 702 states that "[a] witness who is qualified as an expert by knowledge, skill, experience,

training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Since Rule 702 only requires an expert's opinion to be based on "sufficient" facts—not all facts—an expert should not be struck simply because the opinion fails to take account of every fact. In such circumstances, the opposing party can impugn the expert's credibility on cross-examination or through the presentation of contrary evidence. *Daubert v. Merrell Dow Pharmaceutical, Inc.*, 509 U.S. 579, 595-96 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."); *see also Kechi Twp. v. Freightliner, LLC*, 592 F. App'x 657, 669 (10th Cir. 2014) (concluding that fire expert's failure to gather certain relevant facts "did not render his opinion unreliable under Rule 702" in light of other indicia of reliability and expert's knowledge in the field, and that any concerns regarding the expert's conclusions "could easily have [been] expressed [ . . . ] through cross-examination and closing argument").

Here, Plaintiff argues Manning is not qualified to testify as an expert and draw certain conclusions regarding the accident and its impact on the Plaintiff because Manning lacks sufficient knowledge about the accident and how it injured Plaintiff. For example, Plaintiff argues Manning "does not know whether both [of Plaintiff's] feet were firmly on the ground" at the time of the accident, "does not know whether [Plaintiff] was bent at her torso or standing erect" at the time of the accident, "does not know how far [Plaintiff's] body was from the closet prior to making contact with it," and "did not calculate distances for the interior of the cabin." In addition, Plaintiff argues Manning cannot conclude Plaintiff's pre-existing conditions did not increase Plaintiff's likelihood of being injured from the accident because, among other things, Manning does not know

Plaintiff's pre-collision medical status and has not taken account of Plaintiff's pre-existing asymptomatic herniation or scoliosis.

Even if true, Plaintiff's attempts to discredit Manning are not sufficient to exclude him. Rather, they go to the weight not the admissibility of the opinions. And this Court has independently reviewed Manning's qualifications and his detailed expert report, clearly establishing he is qualified to testify on this topic. In addition, Plaintiff's criticism of Manning's conclusions, and Plaintiff's assertions that Manning's conclusions lack sufficient factual support go to the credibility of Manning's testimony, not its admissibility. That is because—even taking these alleged omissions into account—Manning's opinion was based upon sufficient facts. For example, although Manning did not know whether, at the time of impact, Plaintiff was standing erect or bent, or whether she had both feet planted on the ground, Manning made an arguably credible assumption that Plaintiff was standing erect with both feet on the ground because Plaintiff stated she was standing when the impact occurred. Indeed, if Manning's analysis with regard to Plaintiff's body position is deficient, it is not because Manning failed to account for information provided by Plaintiff, but because Plaintiff failed to provide accurate information in the first instance. Moreover, regarding Plaintiff's distance from the closet and the interior dimensions of Plaintiff's truck, Manning made a reasonable assumption regarding these facts based upon his knowledge of the layout and dimensions of this specific truck model's interior cabin. In sum, Manning's opinions are based on sufficient facts and reasoning to be admissible pursuant to Rule 702. Plaintiff may question the validity of his conclusions on cross-examination or in closing argument.

Finally, Plaintiff argues Manning's opinions are irrelevant and will confuse the jury. Evidence is relevant if it has any tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. However, the court may still exclude relevant evidence "if its probative value is substantially outweighed by a danger of [ . . . ] confusing the issues [or] misleading the jury." Fed. R. Evid. 403.

Here, Manning's opinion makes Plaintiff's injuries more or less probable because it explains the nature of the forces involved in the collision which allegedly injured Plaintiff. Thus, Manning's opinions are relevant. Further, that Manning's opinions provide an alternate theory of the injury, contradicting Plaintiff's narrative, will not confuse the jury, but will aid them when considering the evidence. Thus, Manning's opinions will not be excluded pursuant to Rule 403.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion *in Limine* to Exclude Defendant's Expert Joseph Manning, (Doc. 179), is **DENIED**.

Dated this 19th day of September, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge