**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lydia Merck,<br><br>          Plaintiff,<br><br>v.<br><br>Swift Transportation Company, et al.,<br><br>          Defendants. | No. CV-16-01103-PHX-ROS<br><br>**ORDER** |

Lydia Merck ("Plaintiff") alleges she was inside the cab of her parked semi-truck when Defendant Robert Gary Parker ("Parker"), a truck driver employed by Defendant Swift Transportation ("Swift"), crashed into Plaintiff's truck, thereby causing injury to Plaintiff's back. (Doc. 1). The case is set for a jury trial, and Plaintiff now moves *in limine* to exclude allegations in Plaintiff's complaint that contradict Plaintiff's current representation of the facts of the case from being introduced on cross-examination. (Doc. 181).

More specifically, Plaintiff's complaint alleged that Parker's truck "struck the front end of [Plaintiff's] semi-trailer," dragging Plaintiff's truck and causing it to collide with nearby vehicles. (Doc. 1). Plaintiff's complaint then alleged that, "[a]s a direct result of the collision, [Plaintiff] was thrown from the sleeping area located on top of the cab." (*Id.*). It further alleged that Plaintiff "fell onto the gear shifter and central area of the cab breaking her back." (*Id.*). Plaintiff's complaint was signed by Plaintiff's counsel and filed on April 13, 2016.

Plaintiff was then deposed on November 30, 2016. (Doc. 184-1). During her deposition, Plaintiff was asked "[d]id you fall out of the sleeper berth area?" to which Plaintiff responded "[n]o ma'am." (*Id.*). Plaintiff was later asked "[a]t any time between when you first felt the jolt and you exited your truck, was your body on the ground at all?" to which Plaintiff likewise responded "[n]o ma'am." (*Id.*). Instead, during her deposition, Plaintiff explained that the impact occurred when she was lying in her sleeper berth, that she sat up in response to the impact, that she then stood up and attempted to exit her truck, and that she was thrown into the closet before she was finally able to exit. (*Id.*).

Plaintiff now moves *in limine* to exclude the allegations in Plaintiff's complaint from being introduced on cross-examination. (Doc. 181). In support, Plaintiff argues her complaint was unverified, that cross-examining her on the allegations in her complaint would be unfairly prejudicial, and that she should be granted leave to amend. (*Id.*). These arguments are addressed in turn.

First, Plaintiff, relying on antique, 1925 caselaw, argues that, "[w]here a complaint is unverified, [ . . . ] exclusion of those allegations is proper." (Doc. 181 at 2). There are several problems with this argument. For one, the ancient case on which Plaintiff relies is easily distinguishable on the facts, because, there, the court concluded the statements likely did not come from the party they were attributed to. That is not the case here. Here, the Court assumes the allegations in Plaintiff's complaint are attributable to Plaintiff because, pursuant to Federal Rule of Civil Procedure 11, an attorney who presents a pleading to the court "certifies to the best of the [attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, [ . . . that ] the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). The Court has no reason to believe Plaintiff's counsel did not comply with her obligations under Rule 11. Thus, this Court presumes the factual allegations in Plaintiff's complaint were made after Plaintiff's counsel conducted a reasonable inquiry of her client, and thus that the allegations are attributable to Plaintiff.

Furthermore, Plaintiff's argument is also unpersuasive because it would permit a Plaintiff to make unsubstantiated factual assertions in a complaint without fear of being cross-examined on them should the case proceed to trial, so long as the complaint was unverified. This would undermine the efficiency of the legal system and the basic purpose of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1 (explaining that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). For these reasons, Swift will not be precluded from cross-examining Plaintiff based on the allegations in her complaint.[1]

Plaintiff's next argument is that the allegations in her complaint should be excluded pursuant to Federal Rules of Evidence 401 and 403 because they are irrelevant and because their probative value is substantially outweighed by the danger of unfair prejudice. Evidence is relevant if it has any tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. However, the court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of [ . . . ] unfair prejudice." Fed. R. Evid. 403.

First, the allegations in Plaintiff's complaint are relevant, as they may impugn Plaintiff's credibility based on her deposition testimony. In addition, they are not unfairly prejudicial, as they do not encourage the jury to reach a conclusion on an improper basis. *See, e.g.*, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 1917, 2016 WL 6246736, at *11 (N.D. Cal. Oct. 26, 2016) (citations omitted). Thus, Plaintiff may be cross-examined on them.

Finally, Plaintiff requests leave to amend her complaint. When a party seeks to amend its pleading after the date specified in the scheduling order has passed, the party must first satisfy the requirements of Rule 16, and then must demonstrate amendment is proper under Rule 15. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608

---

[1] The Court understands Swift does not intend to offer the complaint as affirmative evidence in its case-in-chief. Rather counsel will employ it on cross-examination.

(9th Cir. 1992). Since the deadline to amend the complaint has passed, Plaintiff must satisfy the requirements of both rules before leave to amend will be granted.

The first determination is whether leave to amend is appropriate under Rule 16. Under Rule 16, a court may only modify a scheduling order for "good cause." Fed. R. Civ. P. 16(b)(4). Rule 16's "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Thus, a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court. Fed. R. Civ. P. 16 1983 Advisory Committee Notes; *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). In determining a party's diligence, a court may look to: (1) the party's diligence in assisting the court in creating a workable Rule 16 order; (2) whether the party's noncompliance with a Rule 16 deadline occurred because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) whether the party was diligent in seeking amendment of the Rule 16 order once it became apparent the party could not comply. *See, e.g.*, *Morgal v. Maricopa Cty. Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012) (citation omitted). Because the inquiry focuses on diligence, a party's "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

Here, Plaintiff filed suit in 2016. Presumptively, at that time, Plaintiff knew the relevant facts underlying her claim, including whether she fell from the sleeper berth and onto the gear shifter, thereby breaking her back, or simply fell into the closet. Further, Plaintiff's counsel presumptively knew the relevant facts underlying her client's claim when drafting the complaint and submitting it to the court. In addition, Plaintiff and her counsel were at least put on notice that the factual allegations in Plaintiff's complaint were inaccurate during Plaintiff's November 30, 2016, deposition. (Doc. 184-2). And yet, Plaintiff and her counsel waited until August 31, 2018, on the eve of trial, to request leave to amend the complaint. This is not compatible with a finding of diligence. Thus, Plaintiff will not be granted leave to amend.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion *in Limine* to Exclude Reference to the Factual Allegations Within the Complaint, (Doc. 181), is **DENIED**.

Dated this 19th day of September, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge