1 **WO**
2
3
4
5
6 # IN THE UNITED STATES DISTRICT COURT
7 # FOR THE DISTRICT OF ARIZONA
8

| | |
|---|---|
| Lydia Merck, | No. CV-16-01103-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Swift Transportation Company, et al., | |
| Defendants. | |

Lydia Merck ("Plaintiff") alleges she was inside the cab of her parked semi-truck when Defendant Robert Gary Parker ("Parker"), a truck driver employed by Defendant Swift Transportation ("Swift"), crashed into Plaintiff's truck, causing her to collide with her closet and nearby vehicles, thereby causing injury to Plaintiff's back. (Doc. 1). The case is set for a jury trial, and Plaintiff now moves *in limine* to exclude surveillance videos and photos taken of Plaintiff during her meetings with her attorney. (Doc. 180). In support, Plaintiff argues the surveillance "was an improper intrusion into the attorney-client privilege" and should be excluded pursuant to Federal Rule of Evidence 403 because their probative value is substantially outweighed by the danger of unfair prejudice. (*Id.*). These are addressed in turn.

First, because this litigation is brought under Arizona law[1] and based upon

---

[1] Throughout this litigation, the parties have exclusively referenced Arizona law, despite that other states' laws might apply instead, as most recently explained by this Court at Doc. 170 at 7 n.7. Yet, because the parties continue to exclusively reference Arizona law, the Court will, at least for the purposes of this motion, rely on Arizona law. *See*

diversity of citizenship, this Court likewise applies Arizona law regarding the attorney-client privilege. *Roehrs v. Minnesota Life Ins. Co.*, 228 F.R.D. 642, 644-45 (D. Ariz. 2005) (citations omitted). And in Arizona, for a communication to be privileged, there must be a *communication*, and it must be "made to or by the lawyer for the purpose of securing or giving legal advice," "made in confidence," and "treated as confidential." *Id.* at 646. "The party seeking to invoke the protection of the attorney-client privilege carries the burden of proving to a reasonable certainty that the elements of the privilege exist." *Id.* at 645. Importantly, "[b]ecause it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citations omitted); *see also Roehrs*, 228 F.R.D. at 645 (citations omitted).

Here, Plaintiff was videotaped and photographed at the Renaissance Hotel in downtown Phoenix when Plaintiff was meeting with her attorney to discuss this case in advance of a court proceeding. (Doc. 180). Five videos and one photograph were taken. In the first video, Plaintiff is shown "walking outside, smoking a cigarette, with multiple persons around." (Doc. 185). In the second, Plaintiff is shown "walking inside the hotel by herself." (*Id.*). Then, the third and fourth videos "show Plaintiff walking with her attorney outside the Federal Court building," and the fifth video "shows Plaintiff and her attorney walking inside a Restaurant within the Renaissance Hotel." (*Id.*). The final video "shows Plaintiff standing, walking, and placing her purse over her body cross-wise inside a Restaurant in the Renaissance Hotel." (*Id.*). Lastly, the photograph "shows Plaintiff and her attorney sitting a table at the Restaurant within the Renaissance Hotel."

---

*Williams v. BASF Catalysts LLC*, 765 F.3d 306, 316 (3d Cir. 2014) (collecting cases and explaining that "choice-of-law issues may be waived" by the parties when they fail to raise them before the court); *see also Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751 (7th Cir. 2012); *Malone v. Ahrens & DeAngeli, PLLC*, 445 F. App'x 940, 943 (9th Cir. 2011) (citation omitted); *Fruge v. Amerisure Mut. Ins. Co.*, 663 F.3d 743, 746 (5th Cir. 2011); *P & O Nedlloyd, Ltd. v. Sanderson Farms, Inc.*, 462 F.3d 1015, 1017 n.3 (8th Cir. 2006); *Puerto Rico Hosp. Supply, Inc. v. Boston Sci. Corp.*, 426 F.3d 503, 505 (1st Cir. 2005); *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1497 (9th Cir. 1986).

(*Id.*).

For one, the attorney-client privilege is not implicated by these videos and the photograph because they do not divulge any protected "communications," such as the substance of any discussion between attorney and client. Indeed, neither party contends Swift intends to offer a lip-reading expert at trial to interpret any captured lip movements and establish a communication, nor does Plaintiff assert that an ordinary juror would be able to interpret a communication unaided. In addition, assuming there were communications, the privilege does not apply because, at all relevant times, Plaintiff and her attorney were surrounded by third-parties, meaning anything communicated was not done in confidence. *See generally State v. Sucharew*, 65 P.3d 59, 64 (Ariz. Ct. App. 2003) ("[T]he presence of a third person will usually defeat the privilege on the ground that confidentiality could not be intended with respect to communications that the speaker knowingly allowed to be overheard by others foreign to the confidential relationship.") (citation omitted). Finally, regarding the three videos merely depicting the Plaintiff, and not her attorney, the privilege also does not apply to those because no communication is being "made to or by" Plaintiff's attorney.

Plaintiff also argues Swift's counsel violated Arizona Rule of Professional Conduct 4.4. In so arguing, Plaintiff points to the comments, which explain that a lawyer representing a client "must subordinate the interests of others to those of the client," but reminds lawyers that, in doing so, "the lawyer may not disregard the rights of others," including by "unwarranted intrusions into privileged relationships, such as the lawyer-client relationship." Comment 1 to Ariz. R. Prof. Conduct 4.4. However, here, Plaintiff's counsel simply observed and documented Plaintiff's meeting with her lawyer in a public space. Plaintiff's counsel did not surreptitiously capture the content of any communication between them, or observe anything with more intensity than could any other passerby. Such actions do not intrude into the lawyer-client relationship. Further, the videos and photographs can be redacted to ensure Plaintiff's counsel is not shown.

Plaintiff's remaining arguments are that the surveillance videos should be

excluded pursuant to Federal Rules of Evidence 401 and 403 because they are irrelevant and because their probative value is substantially outweighed by the danger of unfair prejudice. Evidence is relevant if it has any tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. However, the court may still exclude relevant evidence "if its probative value is substantially outweighed by a danger of [ . . . ] unfair prejudice." Fed. R. Evid. 403.

Here, the surveillance is highly relevant to Plaintiff's claimed injuries and long-term impairments, which are at the heart of this damages-only trial. In addition, the evidence is not unfairly prejudicial, as it does not encourage the jury to form an opinion on an improper basis.[2] *See, e.g.*, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 1917, 2016 WL 6246736, at *11 (N.D. Cal. Oct. 26, 2016) (citations omitted).

Accordingly,

**IT IS ORDERED** Plaintiff's Motion *in Limine* to Exclude Defendant's Surveillance of Plaintiff, (Doc. 180), is **DENIED**. However, the videos and photographs shall be redacted to ensure Plaintiff's counsel is not depicted.

Dated this 19th day of September, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge

---

[2] Although not raised in Plaintiff's motion, the Court will consider prohibiting the parties from referencing to the jury that Plaintiff was meeting with her counsel in this litigation at the time this surveillance was taken. The parties may raise the issue at the final pretrial conference.

- 4 -