**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lydia Merck, | No. CV-16-01103-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Swift Transportation Company, et al., | |
| Defendants. | |

Lydia Merck ("Plaintiff") alleges she was inside the cab of her parked semi-truck when Defendant Robert Gary Parker ("Parker"), a truck driver employed by Defendant Swift Transportation ("Swift"), crashed into Plaintiff's truck, thereby causing injury to Plaintiff's back. (Doc. 1). The case is set for a jury trial, and Swift now moves *in limine* to exclude Dr. Alexander from testifying at trial because Plaintiff improperly disclosed him as rebuttal witness, and because, even when she disclosed Dr. Alexander, Plaintiff failed to disclose his opinion regarding the reasonableness of Plaintiff's medical charges and industry billing customs. (Doc. 175).

Regarding the propriety of disclosing Dr. Alexander as a rebuttal witness, Plaintiff explains she saw the issue of damages—the only remaining issue in this case—as being very "straightforward." That is because "Plaintiff was asymptomatic prior to the accident," "[t]hen, the accident happened, and back pain immediately arose," which was followed by "medical treatment" and "surgeries." Due to this understanding, Plaintiff's initial designations included a physical medicine doctor, a life care planner/vocational

rehabilitation expert, and treating physicians who could establish Plaintiff's damages. In response, however, Swift retained a biomechanical expert, Josesph Manning, a billing expert, Mary Rossi, and an orthopedic surgeon, Dr. Hartzler. In doing so, Plaintiff argues Swift "put accident reconstruction, medical causation, and past billing at issue for the first time." (Doc. 191). Thus, in rebuttal, Plaintiff designated Dr. Alexander, also an orthopedic surgeon, who Plaintiff argues she intended to use to rebut Swift's orthopedic surgeon and billing expert. (*Id.*). Due to this timing, Dr. Alexander is a true rebuttal expert, and will not be excluded on this basis.

Swift next argues that, even if Dr. Alexander is permitted to testify on the topic of orthopedic surgery, he should not be permitted to testify regarding the reasonableness of the charges related to Plaintiff's medical charges and whether those charges are customary in the industry. Swift argues that, to have him testify on these topics, "Plaintiff would have needed to disclose this opinion in [Dr. Alexander's] written expert report[,] which was not done," and that Dr. Alexander "is not qualified under Rule 702 to opine on the medical bills." (Doc. 175 at 4). Whether Plaintiff's properly disclosed Dr. Alexander's opinion regarding the reasonableness of Plaintiff's medical charges and industry billing customs will be addressed first.

Here, Plaintiff disclosed Dr. Alexander as "an expert in Orthopedic Spinal Surgery," and stated he would testify regarding "Orthopedic/Spinal Surgery." Plaintiff's disclosure does not indicate Dr. Alexander would opine on billing or the reasonableness of any medical charges. Likewise, Plaintiff acknowledges Dr. Alexander's "report did not expressly opine on the reasonable and customary nature of the medical bills." (Doc. 191 at 5). Clearly, Plaintiff did not disclose Dr. Alexander as an expert on the reasonableness of Plaintiff's medical charges and industry billing customs.

Yet Plaintiff argues this inadequate disclosure has been cured. For one, Plaintiff argues it has been cured because the parties subsequently discussed Plaintiff's disclosure. Specifically, shortly after Plaintiff's disclosure, Swift sent Plaintiff a letter expressing its opinion that Dr. Alexander was not "a true rebuttal expert" and that "his opinions were

duplicative of Plaintiff's other retained expert, Dr. Mann," an expert in physical medicine/rehabilitation. (Docs. 191; 191-4). Plaintiff further argues that, following further correspondence between the parties, Plaintiff's counsel "clarified Dr. Alexander's role, being rebuttal to Dr. Hartzler." (Doc. 191). Plaintiff argues that, after this correspondence, she believed "the issue was resolved," and that if Swift needed further clarification, Swift should have requested it.

However, none of the cited correspondence shows Plaintiff communicated, or that Swift in any way understood, that Dr. Alexander would also be providing testimony regarding subjects other than orthopedic surgery. Indeed, Plaintiff's clarification—that Dr. Alexander would rebut Swift's orthopedic surgeon, Dr. Hartzler—only confirms Plaintiff's original disclosure: that Dr. Alexander would be a rebuttal expert on the topic of orthopedic surgery. Swift cannot be faulted for failing to realize that Plaintiff also intended to offer Dr. Alexander as an expert on reasonableness of billing, and for failing to request further clarification from Plaintiff in this respect.

Plaintiff next argues Dr. Alexander should not be excluded from testifying regarding the reasonableness of Plaintiff's medical charges and industry billing customs because Swift later received Dr. Alexander's "complete file, which included all billing records," and then deposed Dr. Alexander on November 17, 2017, during which Dr. Alexander "opine[d]" on the billing records. (Doc. 191). A short colloquy on the topic of billing transpired during Dr. Alexander's deposition. Dr. Alexander was asked whether, based on "the treatment and the records that [he] reviewed," he "determine[d] all that to be reasonable and necessary?" to which he responded "yes." (Doc. 191-3). Dr. Alexander was also asked whether the medical treatment was "reasonable and customary," to which he likewise responded, "yes." (*Id.*).

However, that Dr. Alexander was asked two questions related to the reasonableness of medical *treatment* during a deposition is not sufficient to cure the inadequacy in Plaintiff's disclosures regarding the reasonableness of the charges for that medical treatment. Further, the case cited by Plaintiff in support, *SMD Software, Inc. v.*

*EMove, Inc.*, 945 F. Supp. 2d 628, 648 (E.D.N.C. 2013), is easily distinguishable on the facts. For one, in *SMD Software*, the court concluded the opposing party's late-disclosed expert opinions did not cause surprise because "all of the opinions had either been expressed by [the opposing party's other experts] or were of a similar sort as [the late-disclosed expert] had expressed before." Plaintiff does not contend the same is true here. Indeed, Plaintiff acknowledges that Dr. Alexander's "initial report did not expressly opine on the reasonable and customary nature of the medical bills." (Doc. 191 at 5). Dr. Alexander confirmed as much in his deposition. (Doc. 191-3, acknowledging there was "nothing in [his] August 10, 2017, report related to whether or not the charges in this case were reasonable and necessary"). Thus, unlike in *SMD Software*, here it is not clear that Dr. Alexander's brief statements during his deposition were sufficient to cure any surprise to Swift. Further, in *SMD Software*, the Court in part concluded that allowing evidence from the opposing party's late-disclosed would not disrupt trial because "no trial date [was] set" and "a motion for partial summary judgment [was] currently pending." *Id.* Obviously, that is not the case here.

Plaintiff's final argument is that Dr. Alexander should be permitted to testify regarding billing and the reasonableness of any medical charges because Plaintiff has "spent a significant amount of money" paying Dr. Alexander and because Swift, who did retain a billing expert, will not be prejudiced by permitting Dr. Alexander's testimony, whereas Plaintiff's case will be "destroy[ed]." Neither is sufficient to overcome Plaintiff's untimely disclosure of Dr. Alexander's opinion on billing and the medical charges' reasonableness. Plaintiff is reminded of the scheduling order, which states: "[t]he Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under FRCP 1."

Accordingly,

**IT IS ORDERED** Defendant's Motion *in Limine* to Exclude Dr. Alexander, (Doc. 175), is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may call Dr. Alexander as a rebuttal witness, but he may not testify regarding the reasonableness of

the charges related to Plaintiff's medical charges and industry billing customs.

Dated this 19th day of September, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge