**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lydia Merck, | No. CV-16-01103-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Swift Transportation Company, et al., | |
| Defendants. | |

Lydia Merck ("Plaintiff") alleges she was inside the cab of her parked semi-truck when Defendant Robert Gary Parker ("Parker"), a truck driver employed by Defendant Swift Transportation ("Swift"), crashed into Plaintiff's truck, thereby causing injury to Plaintiff's back. (Doc. 1). The case is set for a jury trial, and Swift now moves *in limine* to exclude Dr. Mann from testifying at trial regarding "causation and reasonableness/medical necessity of treatment to Plaintiff in other specialties, including the specialty of orthopedics." (Doc. 176). Swift argues Dr. Mann is not an orthopedic surgeon and "is not qualified to testify or provide opinions beyond the scope of his expertise in physical medicine and rehabilitation." (*Id.*).

In response, Plaintiff notes that, despite Dr. Mann's "detailed report" and "extensive deposition," Swift's motion did not identify any specific opinion as being outside Dr. Mann's area of expertise. (Doc. 189). Thus, Plaintiff explains she does not know which of Dr. Mann's opinions Swift's motion seeks to exclude. (*Id.*). However, Plaintiff also states that she "does not intend on having Mr. Mann testify outside his field

of expertise." (*Id.*). The Court will take Plaintiff at her word.

Accordingly,

**IT IS ORDERED** Defendant's Motion *in Limine* to Exclude Dr. Mann, (Doc. 176), is **GRANTED IN PART AND DENIED IN PART**. Dr. Mann shall not testify beyond his area of expertise or offer opinions not previously identified. Dr. Mann will be permitted to testify within his area of expertise, including on the issue of causation.

Dated this 19th day of September, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge