**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lydia Merck, | No. CV-16-01103-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Swift Transportation Company, et al., | |
| Defendants. | |

Lydia Merck ("Plaintiff") alleges she was inside the cab of her parked semi-truck when Defendant Robert Gary Parker ("Parker"), a truck driver employed by Defendant Swift Transportation ("Swift"), crashed into Plaintiff's truck, thereby causing injury to Plaintiff's back. (Doc. 1). The case is set for a jury trial, and Swift now moves *in limine* to exclude Witness Larry Wagner, or any witness from One Beacon, Plaintiff's occupational hazard insurance provider, (hereafter the "One Beacon witness"), from testifying regarding "the amounts billed by plaintiff's medical providers, the reasonableness of the billing and/or reasonableness of the negotiated amounts paid by her occupational hazard insurer, the basis for those payments in the industry for the area, the fact that this insurance is no longer active and the fact that the lienholder for the insurer expects to be reimbursed in full for all amounts paid." (Doc. 177). Swift argues the One Beacon witness was "untimely disclos[ed]," is "likely not qualified to testify on the matter," and that their testimony "would violate the collateral source rule." (*Id.*).

First, Swift misunderstands the collateral source rule and *Lopez v. Safeway Stores,*

*Inc.*, 129 P.3d 487 (Ariz. Ct. App. 2006), the case it relies on in support. *Lopez* did not address admissibility, but simply concluded that a tortfeasor's liability should not be reduced by the amount of compensation the injured party receives from another source. *Id.* at 491-92. "The rationale for this rule is that simply because the injured party might have provided by contract for reimbursement of medical expenses, it should not be used to lessen the tortfeasor's liability. There should be no windfall for a tortfeasor because he injured an insured instead of a non-insured." *Id.* at 492. That said, nothing in *Lopez* precludes an injured party from introducing evidence regarding medical bills incurred and still due. Thus, Plaintiff's One Beacon witness will not be excluded as violating the collateral source rule.[1]

Swift also argues the One Beacon witness should not be permitted to testify regarding numerous topics. However, Plaintiff's response does not address most of these topics, but merely argues the One Beacon witness should be permitted to testify regarding the One Beacon lien. (Doc. 190). Thus, the Court's focus will narrow accordingly.

Here, Plaintiff explains that the One Beacon lien "accounts for the large majority of medical bills Plaintiff incurred as a result of the subject accident," and that it "has a currently outstanding amount due of $395,520.84." Plaintiff notes she "disclosed information about this lien at the earliest possible moment in this litigation," and that witnesses who would discuss the lien "were also disclosed in Plaintiff's initial expert designation." Thus, a One Beacon witness may testify regarding the $395,520.84 lien, as well as the medical bills and figures included in that total which Plaintiff disclosed pursuant to Rule 26(a)(1)(A)(iii). (Doc. 190-2 at 7).

The One Beacon witness may not, however, opine regarding the reasonableness of any medical charges included in the lien. For one, Plaintiff did not disclose that the One Beacon witness would testify on this topic. Moreover, testimony on the reasonableness of medical charges generally requires expert opinion, and Plaintiff does not argue she

---

[1] The Court notes, however, that, for the reasons explained in *Lopez*, evidence of payment Plaintiff received from another source would likely be irrelevant to the computation of damages under Federal Rule of Evidence 401.

complied with the requirements of this Court's scheduling order regarding expert disclosures, or with the requirements of Federal Rule of Civil Procedure 26. Fed. R. Civ. P. 26(a)(2)(A) (requiring parties to disclose the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705); Fed. R. Civ. P. 26(a)(2)(B) (requiring witnesses "retained or specially employed to provide expert testimony in the case" to provide a written report containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them" as well as "the facts or data considered by the witness in forming them").

Accordingly,

**IT IS ORDERED** Defendant's Motion *in Limine* to Exclude Witness Larry Wagner, or any witness from One Beacon, (Doc. 177), is **GRANTED IN PART AND DENIED IN PART**. Larry Wagner, or any witness from One Beacon, may testify regarding the One Beacon lien and the medical bills and figures included in that total, but may not offer testimony regarding the other subjects in Swift's motion, including the reasonableness of Plaintiff's medical expenses.

Dated this 19th day of September, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge