**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lydia Merck,<br><br>        Plaintiff,<br><br>v.<br><br>Swift Transportation Company, et al.,<br><br>        Defendants. | No. CV-16-01103-PHX-ROS<br><br>**ORDER** |

On August 2, 2018, this Court granted in part and denied in part Defendant's motion for summary judgment, and set the case for trial. (Doc. 170). That order instructed the parties to submit the Joint Proposed Pretrial Order by August 31, 2018. The Court explained that "[t]his joint proposed pretrial order shall specifically and clearly set forth each objection to a witness or exhibit, and shall include the opposing party's response to that objection." Before submitting any objections to the Court, however, the Court ordered the parties to "meet and confer in good faith regarding each objection to a witness' testimony or an exhibit, and the response to that objection, in an effort to resolve the dispute without the Court's intervention." The Court explicitly noted that it "expects the parties will have resolved all but complex disputes regarding evidence and witnesses on their own." Finally, the Court ordered the parties to submit a copy of each disputed exhibit to chambers for the Court's review.

On August 31, 2018, the parties submitted their Joint Proposed Pretrial Order. (Doc. 178). In it, the parties set forth numerous disputes regarding witnesses and trial

exhibits, many of which likely could be resolved without this Court's intervention if the parties met and conferred regarding them in good faith. Further, the parties did not submit a copy of each disputed exhibit to the Court for review. Moreover, in objecting and responding to objections, the parties simply cut and pasted the applicable Rule of Evidence, without any accompanying explanation of the basis for that objection or response. Further, in many instances, the responding party merely said "disagree" without any explanation of the basis for their disagreement. An example is below:

| 228 | Chart of Present Value Earnings 3 | **402, 802** | determined. Disagree. Moreover, Defendant's objection is premature as the nature and manner of how the exhibit will be offered at trial is not yet determined. |
|---|---|---|---|

Thus, the Court ordered the parties to file a revised Joint Proposed Pretrial Order. (Doc. 199). In doing so, this Court explicitly "reminded" the parties that, "as already instructed in the Court's previous Order," the Joint Proposed Pretrial Order must "specifically and clearly set forth each objection to a witness or exhibit, and shall include the opposing party's response to that objection." The Court also again reminded the parties of their obligation "to meet and confer in good faith regarding each objection to a witness' testimony or an exhibit, and the response to that objection, in an effort to resolve the dispute without the Court's intervention." The Court further reiterated its expectation that "the parties will have resolved all but **complex** disputes regarding evidence and witnesses on their own," including all disputes regarding foundation.

The parties have now submitted their revised Joint Proposed Pretrial Order. (Doc. 201). Yet, despite the Court's repeated instructions, the parties still dispute numerous witnesses and the majority of the approximately 450 exhibits. Upon review, it is clear that the parties could resolve most of their disagreements—which include disputes over photographs of the accident scene, disputes regarding evidence's relevancy, and disputes regarding foundation—without this Court's intervention. Moreover, despite twice instructing the parties that they should "specifically and clearly set forth each objection to

a witness or exhibit," the parties have continued to merely cut and paste the applicable Rules of Evidence without any explanation of the basis for the objection or response. An example is below:

| 5r | Photograph of vehicles and property damage taken by Kenworth Property Damage Appraisers | **401, 403** | 402, 702, 703 |
|---|---|---|---|
| 5s | Photograph of vehicles and property damage taken by Kenworth Property Damage Appraisers | **401, 403** | 402, 702, 703 |
| 6 | Repair Invoice by Kenworth Property Damage Appraisers | **401, 802** | 402, 702, 703, 612 |
| 7 | J & H Trucking Accident Claim of Tractor Repair, Rental and Daily Tractor Compensation | **401, 802** | 402, 702, 703, 612 |
| 8 | J&H Settlement Detail Sheet | **401, 802** | 402, 702, 703, 612 |
| 9 | April 11, 2011 Department of Transportation Medical Examiner Certificate of Lydia Merck | **401, 403, 802** | 402, 702, 703, 612 |
| 10 | April 11, 2011 Department of Transportation Medical Examination Report for Commercial Driver Fitness Determination | **401, 403, 802** | 402, 702, 703, 612 |

Such meager citation to the applicable Rules of Evidence continues in the same fashion throughout the parties' 26-page summation of the trial exhibits.

The parties must get serious. Litigation is not a game. The parties' skeletal citations do nothing to assist the Court in resolving their evidentiary disputes. Further, disputes regarding nearly every exhibit—including disputes over simple photographs of the accident scene, relevance, and foundation—needlessly consume this Court's resources. *See* Fed. R. Civ. P. 1 (explaining that the Federal Rules of Civil Procedure are intended to "secure the just, speedy, and inexpensive determination of every action and proceeding"). Indeed, the sheer number of disputes in the parties' current submission forecloses any possibility of resolving them within the two hours the Court has set aside for the Final Pretrial Conference. Instead, the Court may be forced to mediate the parties' basic evidentiary disputes until midnight. Bring your coffee.

The Court will, for a final time, order the parties to resolve all but the most complex disputes amongst themselves before resubmitting a Joint Proposed Pretrial Order to the Court, or be subject to sanctions for violating Court orders and ignoring Federal Rule of Civil Procedure 1. In their Joint Proposed Pretrial Order, the parties shall set forth any remaining "complex" disputes, along with a summary specifically and clearly setting forth each objection and the response to that objection. The Court will

then address the parties' remaining disputes seriatim at the Final Pretrial Conference.

The parties will also be instructed to resubmit their Jury Instructions. This Court instructed the parties to submit "Jury Instructions in compliance with the procedures available on the Court's website." In doing so, the Court's order explicitly informed the parties to submit "a *joint* set of proposed jury instructions where the parties' instructions agree" and "a *separate* set of instructions where the parties do not agree." The Court further ordered that, "[w]here the parties do not agree, the opposing party shall clearly state its objection to the proposed instruction and the proposing party shall clearly state its response." (Doc. 170).

And yet, despite that the parties may have agreed to many of the jury instructions, the parties did not submit a joint set of proposed jury instructions. Further, although the parties apparently do not agree regarding some jury instructions, the parties' separate sets of instructions include neither the opposing party's objection to the proposed instruction, nor the proposing party's response to that objection. Thus, the parties will be required to resubmit the jury instructions to the Court, in compliance with the Court's instructions. In doing so, the parties should understand that, unless the parties have come to a contrary agreement, the Court intends to give the Ninth Circuit's Model Jury Instructions, and RAJI instructions where applicable on the cause of action and the issue of damages, exactly as set forth in those sources.

……

……

……

Accordingly,

**IT IS ORDERED** the parties shall submit a third revised Joint Proposed Pretrial order no later than Thursday, September 27, 2018, at 9:00 A.M. in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** the parties shall submit revised Jury Instructions order no later than Thursday, September 27, 2018, at 9:00 A.M. in accordance with the

1 | instructions set forth above.
2 |     Dated this 26th day of September, 2018.

_____
Honorable Roslyn O. Silver
Senior United States District Judge